## COMMONWEALTH *vs.* ENOCH BLOOD.

A complaint for unlawfully selling intoxicating liquor to a person unknown, on which the defendant is convicted before a justice of the peace or police court on proof of a sale to one person, is not supported, on the trial on appeal, by proof of a sale to a different person.

THE defendant was convicted before the police court of Springfield on a complaint made and sworn to by Elizur Bates, on the 16th of August 1854, charging him with unlawfully selling one gill of intoxicating liquors on the 12th of said August to a person to the complainant unknown; and appealed to the court of common pleas. It appeared, by the copy of the proceedings before the police court, that Francis Gray was the only witness whom the officer who served the warrant was directed to summon, and was the only witness who certified to attending before that court, and who recognized to appear before the court of common pleas.

At the trial in the court of common pleas, at December term 1854, before *Sanger*, J., said Gray was called as a witness for the Commonwealth, and objected to by the defendant on the ground that he was insane. The judge, after hearing evidence on this point, ruled that the witness might be admitted. But the district attorney decided not to call him, and called William B. Turpin, who testified that he saw the defendant sell liquors to two persons at some time in the year 1853; and that he had

no notice until within two hours that he was to be called as a witness in this case.

The defendant asked the court to instruct the jury that if they were satisfied upon the evidence in the case that Bates, the complainant, did not, at the time when he made the complaint, know of the sale testified to by Turpin, and did not intend to complain of that particular sale, and did not have it in his mind at that time, they could not convict the defendant. But the court declined so to instruct the jury, and did instruct them, upon this point, that it was immaterial whether the complainant knew of the sale referred to, or intended to complain of it when he made the complaint, if they were satisfied beyond a reasonable doubt that the sale testified to by the witness was in fact made by the defendant prior to the date of the complaint and since the statute took effect. The jury found the defendant guilty, and he alleged exceptions.

*E. W. Bond*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BIGELOW, J. Nothing can be more clear than the duty of the Commonwealth to prove the identity of the offence charged in a complaint or indictment, with that on which it seeks to convict the party charged before the jury of trials. The fundamental principles of our government require this as an essential safeguard to the rights and liberty of the citizen. If it were not so, the constitutional privilege of a party, before he is held to answer to an offence, to have it "fully and plainly, substantially and formally described to him," and to be secure from arrest until "the cause or foundation of the warrant be previously supported by oath or affirmation," might be violated at the pleasure of prosecutors. Such a practice would be also in direct contravention of § 2 of the Rev. Sts. c. 135, which requires that when a complaint shall be made to a magistrate that a criminal offence has been committed, he shall examine the complainant under oath ; and if it appear that *such* offence has been committed, he shall issue his warrant, reciting the substance of the accusation. These provisions of our constitution and of the statute are but a declaration and affirmation of the ancient rule of the common

law, that no one shall be held to answer to an indictment or information unless the crime with which it is intended to charge him is set forth with precision and fulness. Petition of Right, 3 Car. 1, § 5. *Regina* v. *St. George,* 9 Car. & P. 491. *Commonwealth* v. *Phillips,* 16 Pick. 213. So strictly is this held, that if an indictment charges a party with committing an offence upon the body or property of a person unknown, and it is made to appear at the trial that the name of the person was in fact known to the grand jury at the time when the indictment was found, the defendant will be entitled to an acquittal. The offence must not only be proved as charged, but it must be charged as proved. Archb. Crim. Pl. (5th Amer. ed.) 36. 1 Chit. Crim. Law, 213. 2 East P. C. 651, 781. *Rex* v. *Walker,* 3 Campb. 264. *Rex* v. *Robinson,* Holt N. P. 595.

But there is another view of the present case, which is equally decisive, and leads to the same result. This was the trial of an appeal from the judgment of a justice of the peace. The object of an appeal is to revise the judgment of an inferior court before the appellate tribunal. But this cannot be done unless the same offence is there tried which was proved and passed upon by the court below. Besides; if the government can, on the trial of an appeal, be permitted to abandon the original offence charged, and on which the accused party was tried before the magistrate, and substitute another and distinct offence in its place, and support it by proof, it is obvious that the right of appeal, which was intended solely as a benefit and privilege to the party charged, might often be converted into a burden and a snare.

*Exceptions sustained.*